UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY TATE,

    Plaintiff,

v.                              Case No. 13-13389

UNUM GROUP ET AL.,

    Defendants.
                                    /

**ORDER GRANTING DEFENDANT'S MOTION TO DETERMINE ARBITRARY AND CAPRICIOUS STANDARD OF REVIEW.**

On October 10, 2013, the court issued a scheduling order requiring that the parties file a statement or motion to determine the appropriate standard of review in this case brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Defendant timely filed its motion, but due to health issues relating to Plaintiff's initial attorney, the case was placed on an indefinite hold while Plaintiff attempted to find new counsel. Substitute counsel has since be obtained, and Plaintiff filed his response to Defendant's motion on July 25, 2014. The court will grant Defendant's motion.

The district court reviews a denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 456 (6th Cir. 2003). "If a plan affords such discretion to an administrator or fiduciary, we review the denial of benefits only to determine if it was 'arbitrary and capricious.'" *Marks*, 342 F.3d at 456 (citing *Miller v.*

*Metro. Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991)).  Here, Defendant has asserted that the plan "clearly and unambiguously grants discretionary authority to the administrator to determine eligibility for coverage and the entitlement to benefits."  (Doc. # 14, Pg ID 93.)  Defendant cites the relevant provision of the policy which states that the "Policyholder delegates and agrees that we shall have full, exclusive and discretionary authority to control, manage, and administer claims and to interpret and resolve all questions arising out of the administration, interpretation and application of this Policy."  (*Id.*, Pg ID 95.)   Accordingly, Defendant contends that the arbitrary and capricious standard of review applies.

In response, Plaintiff objects to Defendant's motion–which was filed at the court's express direction–as "premature and nonsensical."  (Doc. # 23, Pg ID 148.)  Plaintiff contends that "it is fundamentally impossible to decide the standard of review without knowing first the issue to be reviewed."  (*Id.*)  Plaintiff explains that there are no policy interpretations at issue in this case.  According to Plaintiff, Defendant relies on a provision in its policy which "allows Offsets for amounts children under age 18 receive because of the Covered Persons' Disability," stating that the relevant issue in this case is whether any "social security received by Plaintiff's son is because of Plaintiff's Disability."  (Doc. # 23, Pg ID 150.)  Plaintiff argues that this issue does not depend on any policy interpretation, but is instead "entirely dependent upon why Plaintiff's son is receiving social security benefits."  (*Id.*)  The court disagrees.  Whether this provision applies is, at heart, a matter of policy interpretation.  And when reviewing Defendant's actions in processing Plaintiff's disability claim, the court must determine the appropriate standard of review.  Defendant has pointed to policy language expressly reserving

discretionary authority for claim administration.  As such, the court finds that its decision to offset social security payments under the provisions of the long term disability policy will be reviewed under the arbitrary and capricious standard.  *Firestone Tire & Rubber Co.,* 489 U.S. at 115.[1]

    IT IS ORDERED that Defendant's Motion to Determine Arbitrary and Capricious Standard of Review (Dkt. # 14) is GRANTED.  The court will schedule a telephone conference to determine how this case should proceed.


        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE


Dated:  September 30, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\13-13389.TATE.StandardofReview.wpd

---

[1] The court notes that this standard applies only to Plaintiff's claim for benefits brought under 29 U.S.C. § 1132.  The court will determine the relevant standard for Plaintiff's other causes of action at a later time.